UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EASE LOGISTICS SERVICES, LLC,**

    **Plaintiff,**

    v.                      Case Number 2:25-cv-482
                                    JUDGE EDMUND A. SARGUS, JR.
**ZEATOON INC d/b/a Cross Forest,** *et al.*,    Magistrate Judge Elizabeth P. Deavers

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Ease Logistics Services, LLC's Motion to Strike Jury Demand. (ECF No. 10.) Defendants Zeatoon Inc d/b/a Cross Forest, Zeatoon LLC, and Fathi A. Alawad responded in opposition (ECF No. 11), and Plaintiff replied in support (ECF No. 18). For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Strike Jury Demand. (ECF No. 10.)

## BACKGROUND

This matter arises out of a commercial dispute regarding trucking shipments. Plaintiff is a transportation logistics company that matches companies with shipping needs to trucking companies. (ECF No. 6, ¶¶ 2, 16–17.) Plaintiff alleges that it entered into a Broker-Carrier Agreement with Defendants in February 2022, and Defendants agreed to transport a shipment of food products from Texas to Indiana for a fee in May 2024. (*Id.* ¶¶ 20, 23.) Plaintiff alleges that Defendants failed to maintain the food product at the required temperature, which rendered the food product unconsumable, and refused to pay for the damaged shipment, which violated the Broker-Carrier Agreement. (*Id.* ¶¶ 27, 31–33.)

In January 2025, Plaintiff filed a lawsuit based on this conduct in the Franklin County

Court of Common Pleas. (ECF No. 1.) In March 2025, Plaintiff filed an Amended Complaint asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and common carrier liability under 49 U.S.C. § 14706 against Defendants Zeatoon Inc d/b/a Cross Forest, Zeatoon LLC, and Fathi A. Alawad. (*Id.* PageID 5–13.) Defendants removed the action to this Court in May 2025 (*id.*) and filed an Answer to Plaintiff's Complaint with a jury demand (ECF No. 7).

Plaintiff's Motion to Strike Jury Demand concerns the enforceability of a contractual jury trial waiver in the Broker-Carrier Agreement. (ECF No. 10.) The Broker-Carrier Agreement provides: "Carrier waives all right to trial by jury in any action, suit or proceeding brought to enforce or defend any rights or remedies under this Contract." (ECF No. 6, PageID 83.) Zeatoon Inc signed the Broker-Carrier Agreement as the "Carrier." (*Id.* PageID 84.)

## LEGAL STANDARD

"The right to a jury trial is guaranteed by the Seventh Amendment and 'occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.'" *Loc. 783, Allied Indus. Workers of Am., AFLCIO v. Gen. Elec. Co.*, 471 F.2d 751, 755 (6th Cir. 1973) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)). Although the right may be waived, "as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). The constitutional right to a jury trial "may only be waived if done knowingly, voluntarily and intentionally." *K.M.C. Co., Inc. v. Irving Tr. Co.*, 757 F.2d 752, 755–56 (6th Cir. 1985).

"Generally, a jury waiver provision in a contract or lease affects only the rights of the parties to that contract or lease." *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992); *see EEOC*

*v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). Yet the Supreme Court has recognized that "'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through 'assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel[.]'" *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 631 (2009).

## ANALYSIS

Plaintiff moves to strike the jury demand in Defendants' Answer, arguing that Defendants knowingly and voluntarily waived their right to a jury trial in the Broker-Carrier Agreement. (ECF No. 10.) In response, Defendants argue that Zeatoon LLC and Fathi Alawad are non-signatories to the Broker-Carrier Agreement, so the Court should deny Plaintiff's Motion. (ECF No. 11, PageID 126.) In reply, Plaintiff states that it alleged Zeatoon LLC and Fathi Alawad are alter egos of Zeatoon Inc in its Complaint and, if these allegations are proven, the non-signatory Defendants would be bound by the jury waiver provision. (ECF No. 18, PageID 384.)

The Broker-Carrier Agreement provides that "Carrier waives all right to trial by jury in any action, suit or proceeding brought to enforce or defend any rights or remedies under this Contract." (ECF No. 6, PageID 83.) Zeatoon Inc signed the Broker-Carrier Agreement as the "Carrier." (*Id.* PageID 84.) Plaintiff asks this Court to hold that Zeatoon LLC and Fathi Alawad waived their constitutional right to a jury trial based on allegations in its Complaint. (ECF No. 18, PageID 384 ("Here, Plaintiff has alleged that Zeatoon LLC and Fathi A. Alawad are alter egos of Zeatoon Inc., and that they operate interchangeably without observing corporate formalities. These allegations, if proven, would establish that the non-signatory Defendants are bound by the jury waiver provision.").)

3

While it is true that Plaintiff alleged Defendants are agents or alter egos of one another, (*see* ECF No. 6, ¶¶ 5–10), Plaintiff has not offered evidence in support of these allegations, likely because the Motion to Strike Jury Demand was filed during the early stages of litigation. In light of the Supreme Court's direction to indulge every reasonable presumption against waiver, the Court cannot conclude at this point in time that Zeatoon LLC and Fathi Alawad waived their fundamental right to a jury trial under the Broker-Carrier Agreement. The Court declines to enforce a contractual jury waiver against non-signatories based on mere allegations. *Cf. Cap City Dental Lab, LLC v. Ladd*, No. 2:15-CV-2407, 2016 WL 4573993, at *12 (S.D. Ohio Sep. 1, 2016) (explaining that, in the context of piercing the corporate veil, "the question of whether [a shareholder] exercised a degree of control over [a corporation] justifying [a] Court's holding it accountable . . . is a fact-sensitive question which . . . should not be answered until the Plaintiff[ ] ha[s] had some opportunity to conduct discovery on this matter").

To the extent Plaintiff develops facts through discovery that support its theory that Zeatoon LLC and Fathi Alawad are agents or alter egos of Zeatoon Inc, Plaintiff may file another Motion to Strike Jury Demand and present that evidence to the Court. *See* Fed. R. Civ. P. 39(a)(2) (imposing no time restraint on when a motion to strike a jury demand may be filed); *Trent P. Fisher Enters., LLC v. SAS Automation, LLC*, No. 3:20-cv-216, 2023 WL 8358982, at *2 (S.D. Ohio Nov. 13, 2023) (Rose, J.) ("The Court has discretion to grant a motion to strike a jury demand at any point.").

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Strike Jury Demand. (ECF No. 10.)

## CONCLUSION

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Strike Jury Demand. (ECF No. 10.)

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **12/22/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |